**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| **ANDREA SZEBENI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:19-cv-02073-JPM-cgc** |
| **v.** | ) | **Jury Demanded** |
| | ) | |
| **FAIRHAVEN HOLDINGS, LLC d/b/a** | ) | |
| **FAIRHAVEN TREATMENT CENTER,** | ) | |
| **And REFRESH MENTAL HEALTH, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## ANSWER TO COMPLAINT AND COUNTERCLAIM

---

Defendants, Fairhaven Holdings, LLC d/b/a Fairhaven Treatment Center, and Refresh Mental Health, Inc., ("Defendants") hereby submit their Answer to Plaintiff's Complaint ("Complaint") and states as follows:

## I. PARTIES

1. With respect to the allegations contained in Paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the facts asserted and, therefore, deny the same.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in the first two sentences of Paragraph 3 of the Complaint, but deny that Defendant Refresh has any liability as alleged.

## II. JURISDICTION & VENUE

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.     With respect to the allegations contained in Paragraph 6 of the Complaint, Defendants admit only that Plaintiff has pled an amount in controversy in excess of $75,000 exclusive of interest and costs.  Defendants deny that Plaintiff is entitled to the relief sought or any relief whatsoever from Defendants.

### III. <u>FACTS</u>

7.     With respect to the allegations contained in Paragraph 7 of the Complaint, Defendants admit only that prior to March 2018, Plaintiff was a resident of Florida.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and, therefore, deny the same.

8.     Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants admit the allegations contained in Paragraph 9 of the Complaint, and aver that initial contact was made with Plaintiff after seeing her resume posted on a job search website.

10.    With respect to the allegations contained in Paragraph 10 of the Complaint, Defendants deny that at the time of Plaintiff's interview, Defendant Fairhaven told Plaintiff that they were a privately held organization and not a part of a big corporation, and deny that Defendant Fairhaven told Plaintiff that she would be allowed to work from home whenever she needed. Defendants aver that at the time of Plaintiff's interview, Defendants Fairhaven informed Plaintiff that it was going through an acquisition.  Defendants are without knowledge or sufficient information to form a belief about the truth of Plaintiff's remaining allegations in Paragraph 10 of the Complaint regarding her subjective feelings of enticement and, therefore, deny the same.

11.    With respect to the allegations contained in Paragraph 11 of the Complaint, Defendants admit that Defendant Fairhaven entered into an Employment Agreement with Plaintiff, and that the Employment Agreement speaks for itself.

12.    Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.    With respect to the allegations contained in Paragraph 13 of the Complaint, Defendants admit only that Plaintiff accepted Defendant Fairhaven's offer of employment and began working for Defendant Fairhaven on or about May 7, 2018.  Defendants are without knowledge or sufficient information to form a belief about the truth of Plaintiff's remaining allegations in Paragraph 13 of the Complaint regarding her subjective motivations and, therefore, deny the same.

14.    With respect to the allegations contained in Paragraph 14 of the Complaint, Defendants admit only that Defendant Fairhaven was acquired by Defendant Refresh after Plaintiff interviewed with Defendant Fairhaven, and she was advised of same.  The remaining allegations contained in Paragraph 14 of the Complaint are denied as pled.

15.    With respect to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that Plaintiff's job duties were limited as Plaintiff was failing to perform all of the duties originally assigned to her in a satisfactory manner.  The remaining allegations contained in Paragraph 15 of the Complaint are denied as pled.  Defendants further deny the allegations contained in subparagraphs (a.) - (e.) of the Complaint.

16.    Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, Defendants admit that insurance coverage for Plaintiff was delayed due to no fault of Defendants, but deny all remaining allegations contained in Paragraph 19 of the Complaint.

20.     With respect to the allegations contained in Paragraph 20 of the Complaint, Defendants admit that Plaintiff was sick in September, but deny all remaining allegations contained in Paragraph 20 of the Complaint.

21.     With respect to the allegations contained in Paragraph 21 of the Complaint, Defendants admit only that Defendant Fairhaven informed Plaintiff that she should not work during the time she was off work under PTO.  The remaining allegations contained in Paragraph 21 of the Complaint are denied as pled.

22.     Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     With respect to the allegations contained in Paragraph 24 of the Complaint, Defendants admit that Plaintiff's employment was terminated for her failure to make and retain patient notes as required, but Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     With respect to the allegations contained in Paragraph 25 of the Complaint, Defendants admit only that at the time Plaintiff was initially informed of her termination, she was provided with a Separation Agreement and General Release (the "Separation Agreement"), and that a copy of the Separation Agreement is attached to the Complaint as Exhibit 2.  The remaining allegations contained in Paragraph 25 of the Complaint are denied as pled.

26.     With respect to the allegations contained in Paragraph 26 of the Complaint, Defendants admit only that Defendant Fairhaven submitted a Separation Notice to the Tennessee

Department of Labor and Workforce Development, that it was signed by Thomas McCann, and dated September 27, 2018, and that the Separation Notice speaks for itself. The remaining allegations contained in Paragraph 26 of the Complaint are denied.

27. With respect to the allegations contained in Paragraph 27 of the Complaint, Defendants admit that it received what appeared to be a signed copy of the Severance Agreement after she had been notified that she was terminated for cause.

28. With respect to the allegations contained in Paragraph 28 of the Complaint, Defendants admit only that Mr. McCann sent Plaintiff an email on October 2, 2018 revoking the Separation Agreement, and that a copy of the email is attached to the Complaint as Exhibit 4. Defendants further admit that Plaintiff was not paid the consideration set forth in the Separation Agreement and that Plaintiff has revoked same. The remaining allegations contained in Paragraph 28 of the Complaint are denied as pled. Defendants aver that on March 29, 2019, Plaintiff was paid compensation representing her wages for a ten-day period, and by way of compensating Plaintiff in an amount representing the 10-day notice provision contained in her Employment Agreement, any alleged breach was cured.

29. With respect to the allegations contained in Paragraph 29 of the Complaint, Defendants admit only that Mr. McCann sent Plaintiff a letter on October 2, 2018, including an invoice for $5,000 for her relocation bonus, and that copies of the letter and invoice are attached to the Complaint as Exhibit 5. The remaining allegations contained in Paragraph 29 of the Complaint are denied as pled. Defendants aver that on March 29, 2019, Plaintiff was paid compensation representing her wages for a ten-day period, and by way of compensating Plaintiff in an amount representing the 10-day notice provision contained in her Employment Agreement, any alleged breach was cured. Defendants also aver that Plaintiff is in breach of the Employment

Agreement as she has not repaid the relocation bonus as required despite demand for repayment has been made.

30.    Defendants are without knowledge or sufficient information to form a belief about the truth of Plaintiff's allegations in Paragraph 30 of the Complaint regarding her subjective feelings and, therefore, deny the same.  The remaining allegations contained in Paragraph 30 of the Complaint are denied as pled.  Defendants aver that Plaintiff improperly conducted research on Defendant Fairhaven's patients as part of her dissertation research without Defendant Fairhaven's approval or Defendant Fairhaven's patients' informed consent.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint as pled.

32.    With respect to the allegations contained in Paragraph 32 of the Complaint, Defendants admit only that Plaintiff collected questionnaires from the dieticians.  Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint as pled.  Defendants are without knowledge or sufficient information to form a belief about the truth of Plaintiff's allegations in Paragraph 32 of the Complaint regarding her subjective beliefs and, therefore, deny the same.  The remaining allegations contained in Paragraph 32 of the Complaint are denied as pled.  Defendants aver that Plaintiff was using the questionnaires as part of her dissertation research without the Defendant Fairhaven's approval or Defendant Fairhaven's patients' informed consent.

33.    With respect to the allegations contained in Paragraph 33 of the Complaint, Defendants admit only that Defendant Fairhaven had a graduate assistant in its facility who worked in the office with Plaintiff.  The remaining allegations contained in Paragraph 33 of the Complaint are denied.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

# V. **CAUSES OF ACTION**

## COUNT I
## BREACH OF CONTRACT

### (Breach of the Employment Agreement)

35.     Defendants hereby incorporate by reference their responses to Paragraphs 1-34 of the Complaint, as if fully set forth herein.

36.     With respect to the allegations contained in Paragraph 36 of the Complaint, Defendants admit only that Defendant Refresh is the successor and assign of Defendant Fairhaven. Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint as pled.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint. Defendants aver that because Plaintiff's Employment Agreement provided for termination with a specified notice period, the Employment Agreement is treated as an at-will agreement with a limitation based on the notice.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint. Defendants aver that Plaintiff was paid compensation representing her wages for a ten-day period, and by way of compensating Plaintiff in an amount representing the 10-day notice provision contained in her Employment Agreement, any alleged breach was cured.

40.     With respect to the allegations contained in Paragraph 40 of the Complaint, Defendants deny that Plaintiff has been damaged, deny that Defendants breached any agreement, and deny Plaintiff is entitled to the relief sought, including the relief sought in Subparagraphs (a) and (b), or any relief whatsoever from Defendants.

## COUNT II
## FALSE AND DECEPTIVE REPRESENTATIONS IN PROCURING MS. SZEBENIS'S EMPLOYMENT IN VIOLATION OF T.C.A. § 50-1-102

41. Defendants hereby incorporate by reference their responses to Paragraphs 1-40 of the Complaint, as if fully set forth herein.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. With respect to the allegations contained in Paragraph 44 of the Complaint, Defendants admit that Defendant Fairhaven entered into an Employment Agreement with Plaintiff that provided that she would be paid a $110,000 salary, and that she would be provided with health insurance coverage. The remaining allegations contained in Paragraph 44 of the Complaint are denied as pled.

45. Defendants are without knowledge or sufficient information to form a belief about the truth of Plaintiff's allegations in Paragraph 45 of the Complaint regarding her subjective feelings of reliance and, therefore, deny the same.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. With respect to the allegations contained in Paragraph 49 of the Complaint, Defendants deny that Plaintiff has been damaged, and deny that Plaintiff is entitled to the relief sought or any relief whatsoever from Defendants.

## COUNT III
## NEGLIGENT MISREPRESENTATION

50. Defendants hereby incorporate by reference their responses to Paragraphs 1-49 of the Complaint, as if fully set forth herein.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     With respect to the allegations contained in Paragraph 54 of the Complaint, Defendants deny that Plaintiff has been damaged, and deny Plaintiff is entitled to the relief sought, including the relief sought in Subparagraphs (a) and (b), or any relief whatsoever from Defendants.

COUNT IV
PUNITIVE DAMAGES

55.     Defendants hereby incorporate by reference their responses to Paragraphs 1-54 of the Complaint, as if fully set forth herein.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     With respect to the allegations contained in Paragraph 57 of the Complaint, Defendants deny that Plaintiff has been damaged, and deny Plaintiff is entitled to the relief sought, including the relief sought in Subparagraphs (a) and (b), or any relief whatsoever from Defendants.

58.     Defendants admit that Plaintiff has demanded a jury trial.

Any allegation of the Complaint not specifically admitted, modified, or denied is hereby denied separately and specifically denied.

**AFFIRMATIVE DEFENSES**

1.     To the extent Plaintiff's claims are outside the applicable statutes of limitations, or other timeliness requirements, Plaintiff's claims are barred.

2.     To the extent Plaintiff has failed to state a claim, her Complaint is barred and should be dismissed.

3.     Defendants aver that if Plaintiff suffered any injury or damage, as alleged, to be alleged or otherwise, then in that event, said injury and/or damage was proximately caused or

contributed to by Plaintiff's own conduct, including, but not limited to, carelessness, recklessness, consent, comparative negligence, and/or breach of contract, covenants, and conditions on her part to be performed, thereby reducing or barring her claims against Defendants.

4.      Defendants aver that Plaintiff is barred from the award of any judgment for breach of contract based on the doctrine of accord and satisfaction.  By way of compensating Plaintiff in an amount representing the 10-day notice provision contained in her Employment Agreement, any alleged breach was cured.  There has been actual performance by Defendants, which discharges Defendants' obligation under the Employment Agreement.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, laches, and/or unclean hands.

6.      To the extent Plaintiff has failed to mitigate her damages, Plaintiff's recovery of damages is barred, or alternatively, must be reduced.

7.      Defendants assert the affirmative defenses of the after-acquired evidence doctrine, *res judicata*, collateral estoppel, and judicial estoppel, as these defenses may be developed during the course of this litigation.

8.      Defendants aver that this action is frivolous, unreasonable and groundless, and accordingly, Defendants are entitled to attorney fees and other costs associated with the defense of this action.

9.      Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or investigation.

**WHEREFORE,** having fully answered, Defendant prays that this Court enter judgment in its favor for costs, including attorneys' fees, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Now, having fully answered the Complaint, Counter-Plaintiff ("Defendants"), by and through undersigned counsel, assert the following Counterclaim against Counter-Defendant ("Szebeni"), for breach of contract, and alleges:

1.	This Court has original subject matter jurisdiction over this lawsuit under the provisions of 28 U.S.C. § 1332 (diversity jurisdiction).  Supplemental jurisdiction over the state law counter-claim is conferred by 28 U.S.C. § 1367(a).

2.	Defendants and Szebeni entered into an Employment Agreement dated March 28, 2018.  (*See* Exhibit 1 of the Complaint).

3.	As part of the Employment Agreement, Defendants agreed to pay Szebeni a $5,000 lump sum to serve as a Relocation Bonus.  (*See* Exhibit 1 of the Complaint).

4.	Pursuant to the Employment Agreement, Szebeni is obligated to repay the Relocation Bonus in its entirety in the event that she is separated from employment within one (1) year of start date.  (*See* Exhibit 1 of the Complaint).

5.	Szebeni failed to fulfill the duties and responsibilities set forth in the employer's position description in violation of the Employment Agreement, and thus, Defendants terminated her employment on September 27, 2018.

6.	Szebeni is thus, contractually obligated to repay the $5,000 Relocation Bonus pursuant to the Employment Agreement.

7.	Defendants have made a demand for repayment of the $5,000 Relocation Bonus. (*See* Exhibit 5 of the Complaint).

8.	Szebeni has refused to repay the $5,000 Relocation Expense.

9.     As a result of Szebeni's failure to comply with the Employment Agreement resulting in her termination within one (1) year of start date, and failure to return the $5,000 in accordance with the Employment Agreement, Defendants have been damaged.

10.     As a result of Szebeni's breach of the Employment Agreement, Defendants are entitled to reasonable attorneys' fees and expenses of counsel and court costs incurred by reason of such litigation in accordance with the Employment Agreement.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment against Szebeni for: 1) $5,000 in damages as owed to Defendants under the Employment Agreement; 2) all costs incurred by Defendants in this action as the prevailing party as provided for under the Employment Agreement; and 3) such other and further relief as may be just and proper.

Respectfully submitted,

s/ Louis P. Britt III
Louis P. Britt III (TN Bar # 10280)
Mollie K. Wildmann (TN Bar # 37012)
FORD HARRISON LLP
1715 Aaron Brenner Drive, Suite 200
Memphis, Tennessee 38120
Telephone: (901) 291-1500
Facsimile:  (901) 291-1501
lbritt@fordharrison.com
mwildmann@fordharrison.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2019, I filed the foregoing with the Clerk of the Court upon the following attorney of record via the Court's CM/ECF system:

James M. Simpson
ALLEN, SUMMERS, SIMPSON, LILLIE &
GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38120
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jsimpson@allensummers.com


s/ Louis P. Britt III