IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANDREA SZEBENI,

    Plaintiff/Counter-Defendant,

v.

FAIRHAVEN HOLDINGS, LLC d/b/a
FAIRHAVEN TREATMENT CENTER,
And REFRESH MENTAL HEALTH, INC.

    Defendants/Counter-Plaintiffs.

Case No.: 2:19-cv-02073-JPM-cgc
JURY DEMANDED

ANSWER TO COUNTER-CLAIM

COMES NOW Plaintiff and Counter-Defendant Andrea Szebeni (hereinafter "Ms. Szebeni") by and through her undersigned counsel and submits the following Answer to Counter-Claim:

1. With regard to the allegations in Paragraph No. 1 of the Counter-Claim, it is admitted that this Court has original subject matter jurisdiction over Ms. Szebeni's Complaint pursuant to 28 U.S.C § 1332 (diversity). It is denied that, as pled, this Court has supplemental jurisdiction over the Defendants' Counter-Claim.

2. With regard to the allegations in Paragraph No. 2 of the Counter-Claim, it is admitted that Defendants and Ms. Szebeni entered into the Employment Agreement. The Employment Agreement speaks for itself as to its date and requires no responsive pleading from Ms. Szebeni.

3. With regard to the allegations in Paragraph No. 3 of the Counter-Claim, the Employment Agreement speaks for itself as to its terms and requires no responsive pleading by Ms. Szebeni.

4. With regard to the allegations in Paragraph No. 4 of the Counter-Claim, the Employment Agreement speaks for itself as to its terms and requires no responsive pleading by Ms. Szebeni. Ms. Szebeni denies that she is obligated to repay a Relocation Bonus or any money whatsoever to Defendants.

5. The allegations in Paragraph No. 5 of the Counter-Claim are denied.

6. The allegations in Paragraph No. 6 of the Counter-Claim are denied.

7. With regard to the allegations in Paragraph No. 7 of the Counter-Complaint, Exhibit 5 to the Complaint speaks for itself as to its terms and requires no responsive pleading by Ms. Szebeni. The allegations in Paragraph No. 7 of the Counter-Claim are denied insofar as Defendants' characterize their letter and invoice attached as Exhibit 5 to the Complaint as a "demand."

8. The allegations in Paragraph No. 8 of the Counter-Claim are admitted only insofar as Ms. Szebeni has not repaid the Relocation Bonus since she does not owe it.

9. The allegations in Paragraph No. 9 of the Counter-Claim are denied.

10. The allegations in Paragraph No. 10 of the Counter-Claim are denied.

With respect to the unnumbered paragraph of the Counter-Claim, which purports to be a prayer for relief, Ms. Szebeni denies that Defendants are entitled to the relief sought therein or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Ms. Szebeni hereby submits the following Affirmative Defenses, but in doing so does not otherwise assume a burden of proof, production or persuasion except as otherwise required by applicable law.

### AFFIRMATIVE DEFENSE NO. 1

1. The Court lacks subject matter jurisdiction over the Counter-Claim as pled.

### AFFIRMATIVE DEFENSE NO. 2

2. The Counter-Claim fails to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 3

3. Defendants' Counter-Claim is barred by the doctrines of waiver and estoppel.

### AFFIRMATIVE DEFENSE NO. 4

4. Defendants' Counter-Claim is barred by Defendants' failure to mitigate their damages.

### AFFIRMATIVE DEFENSE NO. 5

5. Defendants' Counter-Claim is subject to setoff, offset and/or recoupment.

### AFFIRMATIVE DEFENSE NO. 6

6. Defendants' Counter-Claim is barred to the extent that Defendants request relief which exceeds that available under the law.

AFFIRMATIVE DEFENSE NO. 7

7.	Defendants' Counter-Claim is barred because Defendants come before the Court with unclean hands.

AFFIRMATIVE DEFENSE NO. 8

8.	Defendants' Counter-Claim is barred by failure of consideration.

AFFIRMATIVE DEFENSE NO. 9

9.	Defendants' Counter-Claim is barred by lack of mutuality of obligation.

AFFIRMATIVE DEFENSE NO. 10

10.	Defendants are not entitled to attorneys' fees, costs or expenses.

AFFIRMATIVE DEFENSE NO. 11

11.	To the extent that the terms of the Employment Agreement are ambiguous, it was drafted by Defendants, and any ambiguities must be construed against Defendants.

AFFIRMATIVE DEFENSE NO. 12

12.	The Relocation Bonus payback Counter-Claim is unenforceable because Ms. Szebeni was involuntarily separated and discharged without cause by Defendants.

AFFIRMATIVE DEFENSE NO. 13

13.	Defendants' Counter-Claim is barred because the actions of Ms. Szebeni were at all times in good faith and without malice.

## AFFIRMATIVE DEFENSE NO. 14

14. Ms. Szebeni reserves the right to raise additional affirmative defenses as further developments, including discovery, may warrant.

Respectfully submitted,

/s/JAMES M. SIMPSON
JAMES M. SIMPSON, BPR 015023
ALLEN, SUMMERS, SIMPSON, LILLIE &
GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38120
Telephone:  (901) 763-4200
Facsimile:   (901) 684-1768
jsimpson@allensummers.com

ATTORNEYS FOR PLAINTIFF/
COUNTER-DEFENDANT ANDREA SZEBENI

CERTIFICATE OF SERVICE

I, James M. Simpson, herby certify that one true and correct copy of the foregoing document was served via the Court's Electronic Filing service on this the 10th day of April 2019, upon:

>LOUIS P. BRITT, III, ESQ.
>MOLLIE K. WILDMANN, ESQ.
>FORD HARRISON, LLP
>1715 Aaron Brenner Drive, Suite 200
>Memphis, Tennessee 38120
>lbritt@fordharrison.com
>mwildmann@fordharrison.com
>
>ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS FAIRHAVEN HOLDINGS, LLC d/b/a FAIRHAVEN TREATMENT CENTER and REFRESH MENTAL HEALTH, INC.

/s/JAMES M. SIMPSON
JAMES M. SIMPSON