IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANDREA SZEBENI, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>FAIRHAVEN HOLDINGS, LLC d/b/a )<br>FAIRHAVEN TREATMENT CENTER, )<br>And REFRESH MENTAL HEALTH, INC. )<br>)<br>   Defendants. ) | Case No. 2:19-cv-02073-JPM-cgc<br>Jury Demanded |

PROTECTIVE ORDER

     Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and subject to the approval of this Court, the Parties hereby stipulate and agree to the following protective order:

     1.    Plaintiff and Defendants (collectively, the "Parties") have agreed that certain categories of documents deserve protection from disclosure to the general public. Therefore, the Parties agree to disclose Confidential Materials, which shall be those documents designated as "Confidential" pursuant to the terms of this Agreed Protective Order (and subject to the Federal Rules of Civil Procedure), and agree to be bound by all terms of this Agreed Protective Order with respect to such materials. The documents and things designated "Confidential Materials," as designated by the party from whom discovery is sought, contain (a) financial information, (b) personal information, (c) medical information, (d) employee information, (e) proprietary business information, and/or (f) other sensitive information related to the litigants that may be considered confidential or proprietary under applicable law. Information that is publicly available or already in the possession of the non-disclosing party may not be deemed confidential by virtue of this

order. The Parties agree to designate as "Confidential" only those documents that they reasonably, and in good faith, believe should be treated as confidential. The Confidential Materials shall be maintained in accordance with the terms of this Agreed Protective Order. The aforementioned Confidential Materials include any portion of documents, discovery responses, testimony, or other discovery materials containing confidential information. If the Parties cannot agree on whether particular materials should be treated as confidential hereunder, the party seeking to change the designation of the materials may apply to the Court to have the confidential designation removed. If a party objects to classification of information as confidential and moves to have that information removed from the restriction, the burden of establishing that the materials are entitled to a confidential classification shall fall on the party seeking to use the designation.

   2. The Confidential Materials described in ¶ 1 above may be used only for purposes of this litigation including appeals, and not for promotional, competitive, or other purposes, and may be disclosed only to the following persons in connection with this litigation:

    a. Counsel of record for any party, including associated or general counsel, and the legal associates, student attorneys, paralegals, legal assistants, or other support staff of such counsel assisting in the preparation of this action;

    b. Those directors, officers, and employees of the parties, parties to the litigation, and anticipated and actual fact witnesses other than the parties to the Litigation, with whom counsel determines it is necessary to confer in the preparation of this action, provided that counsel has a good-faith basis to disclose such information to any such person (and provided that any confidential information not essential for the review is first redacted);

  c. Independent experts or consultants employed by counsel for the purpose of directly assisting counsel with this action;

  d. Witnesses expected to testify at any deposition, hearing, or trial, including use during the preparation of witnesses and potential witnesses;

  e. The Court and court personnel involved in this case (including court reporters and persons operating audio or video recording equipment at depositions or other proceedings);

  f. Any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

  g. Any other person upon written consent from the party which produced or gave such Confidential Discovery Materials; and

  h. Any other person or entity to whom this Court determines disclosure is appropriate.

4. A designation of materials as Confidential shall be made by affixing or placing the notice "Confidential" on all such materials. The designation shall be affixed in a manner that does not interfere with the legibility or use of the materials. There shall be no such designation with respect to any materials except where the designating party or parties and their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth in this Order.

5. Information designated as Confidential Materials pursuant to this Agreed Protective Order shall be treated as so by all persons to whom such information may be disclosed. In addition, except for counsel representing the Parties (as defined in ¶ 2(a)), and Court personnel (as defined in ¶ 2(e)) – each person who is authorized by this Order to inspect or to have access

to materials designated as Confidential and who in fact inspects any such materials shall, before conducting such inspection or having such access, be provided with a copy of this Agreed Protective Order, and shall be bound by this Order.

6. At any time after the production of any materials designated as Confidential by one party, any other party to this Order may serve a notice of objection to such designation stating the reasons for such objection. The Parties shall make a good faith effort to confer and to informally resolve any disagreement over any objection to a "Confidential" designation of documents or information. Should the Parties be unable to resolve the issue raised by the objection, the objecting party may thereupon seek a ruling from this Court with respect to the merits of the designation.

7. Whenever any Confidential document is identified or marked as an exhibit in connection with deposition testimony given in these proceedings, it shall be kept separate from the other exhibits in an envelope marked "Confidential – Subject to Agreed Protective Order." Once the written transcript is marked and prepared in the foregoing manner, the videographer shall label any tape that includes confidential information as "Confidential – Subject to Agreed Protective Order." Confidential deposition transcripts and videotapes shall be treated the same as other Confidential Materials as required by this Order.

8. The execution of this Order by the Parties' counsel shall constitute a representation that all persons employed by the Parties and the Parties' counsel shall observe this Order and that all persons to whom Confidential Materials are disclosed as set forth in ¶ 2 must agree to be bound by this Order by signing the "Statement of Affirmation" that is attached hereto as Exhibit 1.

9. Subject to the Federal Rules of Evidence, the Confidential Materials may be offered in evidence at trial, deposition, court hearing, or in connection with any motion, response or other pleading filed with the Court, but only under the terms of this Order.

10. The filing or production of Confidential Materials under the terms of this Order shall not alter the confidentiality of the Confidential Materials or alter any existing obligation of any party.

11. If filed with the Court, Confidential Materials shall be filed under seal to be reviewed by Court personnel only and not to be released to the public. The Parties will agree to confer, prior to filing a pleading or other document with the court, as to whether any documents marked as "Confidential" can be filed without the protections of this paragraph.

12. If the case is appealed, the party designating the Confidential Materials shall agree to such orders as necessary to allow appropriate Confidential Materials to be included in the record of appeal.

13. If a third party or another court or an administrative agency subpoenas or orders the production of Confidential Materials from any party, the party from whom the information is sought shall notify the other Parties of such subpoena or order within five (5) days of its receipt of the subpoena or order. The party from whom information is sought shall wait a minimum of ten (10) days to tender the documents to the requesting entity, unless the requesting entity asks the documents be produced in less than ten days, in order to give the other Parties an opportunity to review the order or subpoena and seek appropriate relief from the Court if desired. In the event that the information ordered by the requesting entity is to be produced within ten (10) days, the party from whom the information is sought shall notify the other Parties as soon as practical of its receipt of the subpoena or order and will not produce the documents until so ordered.

14. This Order is intended to facilitate efficient litigation between the Parties and is not intended to alter resolution of any substantive issues or to affect the Parties' substantive rights.

15. This Order may be amended by agreement of counsel for the Parties in the form of a stipulation filed with and approved by the Court.

16. Willful violation of this Order may be punishable by the contempt power of the Court.

17. The Order shall survive until the final destruction or return of the Confidential Materials as required herein, and the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Materials. Within thirty (30) days of final resolution of this matter the Parties shall return the documents marked by the other party as confidential and represent that all other copies have been destroyed.

SO ORDERED.

ENTERED THIS 2nd day of May, 2019.

/s/ Jon McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE

**AGREED AND CONSENTED TO:**

/s/ Louis P. Britt III
Louis P. Britt (TN BPR No. 5613)
Mollie K. Wildmann (TN BPR No. 037012)
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
lbritt@fordharrison.com
mwildmann@fordharrison.com

**COUNSEL FOR DEFENDANTS**

s/James M. Simpson (by LPB with permission)
James M. Simpson (BPR: #015023)
ALLEN, SUMMERS, SIMPSON, LILLIE & GRESHAM, PLLC
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38120
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jsimpson@allensummers.com

**COUNSEL FOR PLAINTIFF**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **ANDREA SZEBENI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 2:19-cv-02073-JPM-cgc** |
| v. ) | **Jury Demanded** |
| ) | |
| **FAIRHAVEN HOLDINGS, LLC d/b/a** ) | |
| **FAIRHAVEN TREATMENT CENTER,** ) | |
| **And REFRESH MENTAL HEALTH, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## STATEMENT OF AFFIRMATION

I, _____, hereby acknowledge receipt of a copy of the Protective Order in the above-captioned case and promise and agree to abide by and be bound by the Protective Order.

This _____ day of _____ 2019.

Signature: _____

Printed Name: _____

EXHIBIT 1